DAVID B. GANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45042. Promulgated June 30, 1931.

*Frederick Secord, Esq.*, for the petitioner.
*Arthur Clark, Esq.*, for the respondent.

1000

## OPINION.

ARUNDELL: The question for decision is whether in computing the gain realized on the liquidation of petitioner's stock, the basis should be increased by the total excess over cost that was received on the exchange in 1923, or only by the amount of cash received on the exchange, the cash being all that was taxed as income on the exchange. In other words, what is the meaning of the phrase "gain * * * that was recognized upon such exchange" as used in section 204 (a) (6) of the Revenue Act of 1926?

The parties are agreed that the immediately applicable provision for determining gain or loss on the liquidation of petitioner's stock is that part of section 204 (a) (6) of the Revenue Act of 1926, which reads:

*. * * the basis shall be the same as in the case of the property exchanged, decreased in the amount of any money received by the taxpayer *and increased in the amount of gain or decreased in the amount of loss to the taxpayer that was recognized upon such exchange under the law applicable to the year in which the exchange was made.* * * * (Italics added.)

That part of the quoted provision which prescribes that the basis shall be "increased in the amount of gain * * * that was recognized * * * under the law applicable to the year in which the exchange was made," necessitates a reference to the Act of 1921, which was "the law applicable" in 1923 when the stock here in-

volved was acquired by petitioner in an exchange. The parties are also agreed that the part of the 1921 Act applicable to the case is section 202 (e), as amended by Act of March 4, 1923, particularly that part which reads:

But when property is exchanged for property specified in paragraphs (1), (2) and (3) of subdivision (c) as received in exchange, together with money or other property of a readily realizable market value other than that specified in such paragraphs, the amount of the gain resulting from such exchange shall be computed in accordance with subdivisions (a) and (b) of this section, but in no such case shall the taxable gain exceed the amount of the money and the fair market value of such other property received in exchange.

The " set-up " of the exchange in 1923, as stipulated, with italics added, is as follows:

| | |
|---|---:|
| Cash received | $200,000.00 |
| Fair market value of stock received | 433,827.54 |
| Total | $633,827.54 |
| Less cost of stock exchanged | 200,000.00 |
| Balance representing *total gain* computed in accordance with sec. 202 (a) and (b) of the Revenue Act of 1921 | $433,827.54 |
| Portion of total gain in excess of cash received | 233,827.54 |
| Balance representing *taxable gain* in accordance with sec. 202 (e) of the Revenue Act of 1921 | $200,000.00 |

The contention of petitioner is that the *total gain* of $433,827.54 is the gain that was " recognized " within the meaning of section 204 (a) (6) of the 1926 Act and is the amount by which the basis should be increased in computing gain on the liquidation in 1926. The respondent says that the *taxable gain* of $200,000 is the " recognized " gain and is the amount to be used in determining the basis under the 1926 Act.

The chief argument of petitioner is that the phrase " gain to the taxpayer that was recognized " should be construed as meaning " gain to the taxpayer that was acknowledged and known to have been realized." If the controverted phrase stopped with the word " recognized " some latitude might be permissible in searching for its meaning. But it is limited by the additional words " under the law applicable to the year in which the exchange was made." Under the 1921 Act, only $200,000 was recognized as a gain. That was all that was included in gross income, which includes " gain * * * derived from * * * dealings in property." Section 213. Had the larger amount of $433,827.54 been a " gain * * * recognized " under the 1921 Act it would be a proper item to be included in income. While the petitioner contends that this larger amount was a recognized gain, we do not understand the claim to go as far as to say that it should have been taxed as income in 1923. The result of

petitioner's argument, if accepted, would be to say that the "gain
* * * recognized" means the gain that was acknowledged by
each separate taxpayer. Obviously no such result was intended.
On the contrary, it was realized that there must be some uniformity
in the taxation of gain on exchanges and so the statute itself laid
down the measure of the gain to be recognized for tax purposes.

The general intent of the revenue acts, beginning with the Act
of 1921, has been to postpone the taxation of exchanges of property
for similar property until such time as there was a sale or an ex-
change for property of a different kind. The contention of the
petitioner here would extend the·postponement into a complete
exemption. Section 204(a)(6) of the Revenue Act of 1926 is iden-
tical with the same numbered section of the 1924 Act. The report
of the Committee on Ways and Means of the House of Representa-
tives on the Revenue Bill of 1924 explains the purpose of that section
as follows:

Paragraph (6) corresponds to section 202(d)(1) of the existing law. The
general theory of this section is that where no gain or loss is recognized as
resulting from an exchange, the new property received shall, for purposes of
determining gain or loss from a subsequent sale and for depreciation and
·depletion, be considered as taking the place of the old property given up in
connection with the exchange. The provisions of section 203 of the bill that
no gain or loss is recognized from certain exchanges do not grant an exemption
and are not so intended. These provisions are based upon the theory that the
types of exchanges specified in section 203 are merely changes in form and not
in substance, and consequently should not be considered as affecting a realiza-
tion of income at the time of the exchange. In other words, *these provisions
result not in an exemption from tax but in a postponement of tax* until the
gain is realized by a pure sale or by such an exchange as amounts to a pure
sale. (P. 16, Rept. No. 179, 68th Cong., 1st sess.)

In *Newman, Saunders & Co.* v. *United States*, 68 Ct. Cls. 641; 36
Fed. (2d)·1009, the corporate taxpayer acquired securities from sev-
eral persons in exchange for its entire capital stock. The transac-
tion was one that came within section 203(b)(4) of the Revenue
Act of 1924, which provides that under the circumstances of such a
case "no gain or loss shall be recognized" on the exchange. The
corporate taxpayer sold the securities, and it was held by the court
that the taxable gain was the difference between cost to the trans-
ferors and the selling price. Section 204(a)(8) of the 1924 Act
was involved, which, like section 204(a)(6), provides that the basis
shall be increased by the amount of gain recognized on the exchange.
The court said that:

The rule is simply that in such cases the original transferor does not pay any
tax on the gain which has accrued while he held the property, but the tax is
deferred to be paid by the corporation receiving the property.

This holding is in line with the expressed intention of Congress in enacting the statutes here involved, as shown by the Ways and Means Committee report above quoted. See also statement of the Senate Finance Committee, 68th Cong., 1st sess., Rept. No. 298, p. 17.

Nor do we think that there is anything invalid in the postponement of the tax from the year of "paper profits" to the year of actual realization. *Taft* v. *Bowers*, 278 U. S. 470. "Generally speaking, the income tax law is concerned only with realized losses, as with realized gains." *Lucas* v. *American Code Co.*, 280 U. S. 445.

There seems to be no disagreement as to the respondent's reduction of the taxable gain by the amounts petitioner was required to refund to the corporation.

*Decision will be entered for the respondent.*