EVERT A. BANCKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 70322.   Promulgated August 7, 1934.

*A. W. Clapp, C.P.A.*, for the petitioner.
*DeWitt M. Evans, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The petitioner, in 1930, being the owner of shares in the Coca-Cola Corporation of Delaware, exchanged such shares with another individual for shares of Coca-Cola International, a different corporation, also of Delaware. The value of the International shares which petitioner received was substantially greater than the cost to him of his Coca-Cola shares, but he did not include the difference in the gross income stated on his individual return for 1930, because he regarded the two corporations as essentially identical, and the exchange as merely one of form. The Commissioner held that the difference was a taxable gain, and by including it in the taxpayer's income determined a deficiency for 1930 of $27,796.82. The facts are contained in a written stipulation which it is not necessary to set forth.

When International was organized as a separate corporation, in 1922, its purpose was, as a holding corporation, to carry on the function of a preexisting voting trust among the majority shareholders of Coca-Cola, so as to preserve the control of Coca-Cola in the hands of a Southern group. Whether its powers were restricted does not appear, for the articles of incorporation are not in evidence. Actually, it never owned anything but Coca-Cola shares and a little cash. In 1926, by resolution, International adopted the practice of issuing its own shares in exchange for Coca-Cola shares, and, at the election of any shareholder, again exchanging Coca-Cola shares for its own, which were immediately canceled and the outstanding shares thus reduced, "until all of the common capital stock of the company, if exchanged, has been so retired." The shares of both corporations, it is stipulated, were listed on the New York Stock Exchange.[1] By virtue of the aforesaid resolution, the petitioner, being a shareholder of Coca-Cola, had the right, if he had elected, to transfer his shares to International in exchange for International shares. He would have been required to pay International 15 cents per share for transfer expenses. For reasons of his own, he chose not to make such an exchange directly with International, but to make an exchange with an individual shareholder of International.

The petitioner's argument rests largely upon decisions involving earlier revenue acts, more particularly *Weiss* v. *Stearn*, 265 U.S. 242 involving the Revenue Act of 1916.

The controlling statute is the Revenue Act of 1928. Congress has steadily, in the successive revenue acts, progressed in the legislative treatment of gain and loss. Therefore it is of primary importance that a decision under the 1928 Act shall promote the purpose of that

[1] The Commercial and Financial Chronicle for the year 1930 shows that Coca-Cola was bought and sold daily over a wide price range, but fails to disclose any transaction in International.

statute. While the earlier acts set forth generally a definition of net income which was the result of applying specific deductions to a general concept of gross income, leaving the general concept to be shaped by administrative and judicial interpretation, the later acts have expressly dealt with specific classes and types of transactions and prescribed their tax results.

The computation of net income appears in Supplement B of the statute, consisting of sections 111 to 120. The scheme of these sections is to tax all gains generally, permitting only those to escape tax that are expressly excepted. *Sarther Grocery Co.*, 22 B.T.A. 1273. An exchange of shares in one corporation for shares in another, without more, is a taxable transaction, the measure of which is the difference between the cost of what is given up and the value of what is received. This is accomplished by " recognizing " the gain. *David B. Gann*, 23 B.T.A. 999; 61 Fed. (2d) 201. The exceptions are set forth in section 112. Not only is such a transaction as this omitted from the excepted classes, but the intent to omit it from the exceptions is unmistakable. The petitioner's ownership of Coca-Cola shares was an investment, and the acquisition of International shares was also for investment. Section 112 (b) (1) expressly excepts an exchange of property held for investment for other such property, but with equal clarity it excludes an exchange of *stocks* from the exception. Hence the present exchange of shares for shares is left within the general provision for the recognition of gain or loss. Paragraph 112 (b) (2) treats of the exchange of common stock in a corporation solely for common stock in the same corporation, or preferred for preferred, thus by unmistakable inference excluding the exchange of common stock in one corporation for common stock in another. Where, however, stock in one corporation is exchanged for stock in another, the tax-free exception is expressly limited to reorganization exchanges. Nowhere is it suggested that the effect of the statutory language is to be varied in accordance with a judicial analysis of the practical or economic incidents of the particular stock in question. We therefore find it impossible to believe that Congress intended that the gain from the exchange before us was not to be recognized for tax purposes.

The decisions cited by the petitioner are in themselves not controlling of the present situation. *Southern Pacific Co.* v. *Lowe*, 247 U.S. 330, and *Weiss* v. *Stearn, supra*, have in later decisions been limited in their application to their peculiar facts. Cf. *Marr* v. *United States*, 268 U.S. 536. That corporations shall be treated under the taxing statutes as separate legal entities has been so generally recognized in the later decisions of the Supreme Court that there is scant room for exception. *Planters Cotton Oil Co.* v. *Hopkins*, 286 U.S. 332; *Dalton* v. *Bowers*, 287 U.S. 404; *Burnet* v.

*Clark*, 287 U.S. 410; *Burnet* v. *Commonwealth Improvement Co.*, 287 U.S. 415; *New Colonial Ice Co.* v. *Helvering*, 292 U.S. 435. The caveat of *Burnet* v. *Commonwealth Improvement Co.*, *supra*, that "unusual cases may require disregard of corporate form", only indicates the general recognition of the corporate form and the narrow field for applying an exception in deference to a compelling justice. We see no reason for construing this caveat as a mandate to examine and appraise the practical and economic, as distinguished from the legal, effects of stock involved in an exchange, and by such an elusive standard to determine whether they are "substantially" or "essentially" different. Under the present statute there seems to be no reason whatever for the application of such a tacit exception to the recognition of gain to an individual from an exchange of one corporate stock for another. Whatever may be the scope of the caveat in *Burnet* v. *Commonwealth Improvement Co.*, *supra*, we can see no occasion in the present case for its application. The Commissioner's determination was, in our opinion, correct.

The parties have stipulated mutual settlement of another issue, and hence the deficiency must be recomputed.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

TRAMMELL, ARUNDELL, and ADAMS dissent.