THE THOMAS J. CORCORAN LAMP COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27689. Promulgated October 6, 1931.

*J. Marvin Haynes, Esq.*, for the petitioner.
*John E. Marshall, Esq.*, and *C. R. Marshall, Esq.*, for the respondent.

286

OPINION.

ARUNDELL: It is stipulated by the parties that on March 1, 1923, the Corcoran Lamp Company and the Corcoran Victor Company became affiliated within the meaning of the revenue statute. This affiliation was the outgrowth of an agreement entered into whereby the Lamp Company agreed to issue certain shares of its own stock to the stockholders of the Corcoran Victor Company for stock in the latter company. It was the intention of the Corcoran Lamp Company, after acquiring all the stock of the Corcoran Victor Company, to liquidate the latter company and consolidate the two businesses. Due to the failure of some of the stockholders of the Victor Company to deliver their stock to petitioner and certain outstanding contracts of the former, the Victor Company continued to operate as a separate legal entity until February, 1925, when it was liquidated and dissolved.

The transaction for the sale of Plant A was closed March 31, 1923, a date within the affiliation period, resulting in a loss of $142,336.42. This loss the petitioner seeks to take as its own on the theory that, by reason of its ownership of stock of the Victor Company and intention

to eventually liquidate its affairs, it was the equitable owner of the assets of the Victor Company. This argument is clearly without merit. Under the facts here the petitioner was no more the equitable owner of the assets of the Victor Company than any stockholder may be said to be the equitable owner of corporate property. *Eisner* v. *Macomber*, 252 U. S. 189; *John K. Greenwood*, 1 B. T. A. 291. The title to Plant A remained in the Victor Company and the deed to the property was executed by it. At no time did petitioner have title to the asset. The petitioner does not claim that by the exchange of stock it became the owner of all the assets and business of the Victor Company. On the contrary, it appears that the Victor Company continued throughout the taxable year as an operating concern with its own assets and business and separate income. In view of this situation it is difficult to understand on what theory petitioner singles out the one asset, Plant A, and claims that as its own. The respondent's action in holding the loss to have been one sustained by the Victor Company is sustained.

It is argued that the net loss of $143,592.76 sustained by the Victor Company in 1922 should be brought forward into the year 1923 and applied against the net income of petitioner. The two corporations filed a consolidated return for the entire year 1923, although affiliated only for the last ten months thereof. The respondent found that the net income of the Victor Company for the full year as a separate company was $137,870.67, without applying the loss of $142,336.42 sustained from the sale of Plant A. Giving effect to the loss on the sale of Plant A, respondent found that the Victor Company had a net loss of $4,465.75 for the year 1923. This net loss the respondent prorated over the year, one-sixth to the period prior to affiliation and five-sixths to the ten months after March 1, 1923. The latter figure, amounting to $3,731.46, was used in determining consolidated net income. There being no net income of the Victor Company in 1923 from which to deduct the net loss for 1922 no part of the 1922 net loss may be used in determining consolidated net income for 1923. See *Hutt Contracting Co.*, 17 B. T. A. 818; *Alabama By-Products Co.*, 18 B. T. A. 919; *Warren-Nash Motor Corporation*, 21 B. T. A. 897; *General Box Corporation*, 22 B. T. A. 725.

The petitioner contends, however, that, inasmuch as the Victor Company had net income of $137,870.67 in 1923 without considering the loss sustained from the sale of Plant A and such loss occurred after March 1, 1923, we should attribute one-sixth of the net income as having been earned in January and February, 1923, and the remaining five-sixths to the last ten months of the year. Clearly, the proposal of petitioner is wrong. The figure of $137,870.67 was reached by the subtraction of various deductions from gross income

and there appears to be no more reason to disregard the loss sustained on the sale of Plant A in determining the net income of the Victor Company for the whole year than any other allowable deduction. The record does not indicate the periods in 1923 during which the income was earned and the fact may be that there were no profits made in the first two months of the taxable year. Following the decision in *General Box Corporation, supra,* the entire calendar year 1923 is still the Victor Company's taxable year despite its affiliation beginning March 1, 1923, and income is to be determined on the basis of the full year. The respondent's method of proration takes into consideration the result of operations for the full year, and under the circumstances is the only practicable one. The respondent's action in refusing to allow the net loss sustained by the Victor Company in 1922 as a deduction in 1923 is sustained.

*Decision will be entered for the respondent.*