SUMMERFIELD COMPANY, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 47462. Promulgated June 15, 1932.

*George M. Morris, Esq.*, and *Frederick L. Pearce, Esq.*, for the
petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

SEAWELL: This case was consolidated for hearing with Docket
Nos. 33651 and 36869 and our report as to each was promulgated No-
vember 18, 1931. Thereafter respondent moved a reconsideration of
the Board's decision in the instant case, Docket No. 47462, which
motion was granted, a hearing thereon had and our decision therein
reserved and delayed awaiting decision in the case of *Woolford
Realty Co.* v. *Rose*, 286 U. S. 319, then pending in the United States
Supreme Court, in which case a question similar to that in the
instant case was involved.

The Supreme Court, on May 16, 1932, rendered its opinion in the
*Woolford Realty Co.* case, and held that net losses of a corporation
for 1925 and 1926 when it was not affiliated with another corpora-
tion could not be deducted from the combined net income of the two
corporations for 1927 when they were affiliated and filed a consoli-
dated return, where the corporation that had sustained the 1925
and 1926 net losses also suffered a net loss for 1927.

In the instant case, the issue for the Board's determination is
whether the consolidated net income for the period March 21, 1925,
to December 31, 1925, for the affiliated group, consisting of the Sum-
merfield Company and the Taylor Furniture Company (both Massa-
chusetts corporations) should be reduced by the net losses sustained
by the Taylor Furniture Company for the year 1924 and the period
January 1 to March 20, 1925.

During the year 1924 and the period January 1 to March 20, 1925,
the Summerfield Company and the Taylor Furniture Company were
not affiliated within the meaning of the revenue acts.

During the period March 21 to December 31, 1925, the Summerfield
Company and the Taylor Furniture Company were affiliated.

The net income of the Summerfield Company for the respective
taxable periods was as follows:

Jan. 1 to March 20, 1925_____ $44,075.68
March 21 to Dec. 31, 1925_____ 159,565.14

The net losses of the Taylor Furniture Company for the respective taxable periods involved were as follows:

Calendar Year 1924 _____ $63,404.46
Jan. 1 to March 20, 1925 _____ 23,949.50
Mar. 21 to Dec. 31, 1925 _____ 86,703.25

In his determination of petitioner's tax liability for the period March 21 to December 31, 1925, the Commissioner has applied the net loss sustained by the Taylor Furniture Company for the period March 21 to December 31, 1925, in the amount of $86,703.25 against the net income of the Summerfield Company for the same period, but has refused to reduce consolidated net income by the amount of the net losses sustained by the Taylor Furniture Company for the calendar year 1924 and the period January 1 to March 20, 1925.

The facts in the instant case bring it clearly within the principle to which we have referred, as decided by the Supreme Court in the *Woolford Realty Co.*, case, *supra.*

In view of the decision of the Supreme Court cited, we are of the opinion and so hold in the instant case (Docket No. 47462) that our determination therein as promulgated November 18, 1931, should be reversed.

Reviewed by the Board.

*Judgment will be entered for the respondent.*