RILEY STOKER CORPORATION, FORMERLY NAMED SANFORD RILEY STOKER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36584. Promulgated July 29, 1932.

*Frederick L. Pierce, Esq.,* and *George M. Morris, Esq.,* for the petitioner.

*J. M. Leinenkugel, Esq.,* and *T. G. Histon, Esq.,* for the respondent.

### OPINION.

GOODRICH: Petitioner assails respondent's determination of a deficiency in its income-tax liability for the year 1923 in the amount of $5,451.74, and contends that it has already overpaid that liability and is entitled to a refund. In general, there is at issue here the proper application to 1923 income, under section 204, Revenue Act of 1921, of net losses sustained by certain members of a group of affiliated corporations in the years 1921 and 1922. Specifically, petitioner complains that respondent has treated as a " taxable year " each of the two periods of the calendar year in which affiliation occurred, prior and subsequent to the date of affiliation, thus barring from application to the year 1923 certain of the net losses which, under the statute, may be carried forward two succeeding taxable years. It further complains specifically of respondent's failure to offset against income earned in 1923 by certain of the corporations during affiliation the net losses sustained by the same corporations prior to affiliation. After this case was submitted, the Supreme Court handed down its decisions in the cases of *Woolford Realty*

*Co.* v. *Rose*, 286 U. S. 319, and *Planters Cotton Oil Co.* v. *Hopkins*, 286 U. S. 332. In view of the fact that the principles announced in those decisions must guide us in the determination of this proceeding, opportunity was afforded to both parties, and availed of, to submit further argument in this case in the light of those decisions, with the result that petitioner's claims as to the amounts of net losses applicable to 1923 income have been modified substantially.

The facts, as admitted by the pleadings and stipulated by the parties, are as follows:

The petitioner is a Massachusetts corporation with its principal office at Worcester, Massachusetts. Its name was changed from Sanford Riley Stoker Company to Riley Stoker Corporation on December 27, 1924. For the entire calendar year 1923 the Sanford Riley Stoker Company, Murphy Iron Works (Inc.), Underfeed Stoker Company of America, Craig Damper Regulator Company, and A. W. Cash Company were affiliated. The net income or loss of each of these corporations and their affiliated net income for the calendar year 1923 as determined by the Commissioner, without allowing net loss prior to January 1, 1923, is as follows:

### Net Incomes

| | |
|---|---:|
| Sanford Riley Stoker Corporation | $157,135.01 |
| Underfeed Stoker Co. of America | 163,616.30 |
| Craig Damper Regulator Company | 454.49 |
| A. W. Cash Company | 18,960.89 |
| Total aggregate net income | $340,166.69 |

### Loss

| | |
|---|---:|
| Murphy Iron Works (Inc.) | 3,165.82 |
| Consolidated net income, 1923 | $337,000.87 |

The following corporations were affiliated with each other for the calendar year 1922 from the date set respectively after each name to December 31, 1922:

Sanford Riley Stoker Company from January 1, 1922.
Murphy Iron Works (Inc.) from January 1, 1922.
Underfeed Stoker Co. of America from June 12, 1922.
A. W. Cash Company from August 31, 1922.
Craig Damper Regulator Company from June 12, 1922.

A consolidated return was filed for the calendar year 1922 including the above named companies.

The net income or net loss of each corporation from the date indicated to December 31, 1922, and the consolidated net income for the year 1922 (as finally determined by the Commissioner) were as follows:

### Net Incomes

| | | |
|---|---:|---:|
| Sanford Riley Stoker Co. (from January 1, 1922) | | $17,276.77 |
| Murphy Iron Works (Inc.) (from January 1, 1922) | | 87,377.16 |
| A. W. Cash Company (from August 31, 1922) | $3,102.57 | |
| A. W. Cash Company (1921 Net Loss $38,739.45 offset) | | None. |
| Aggregate Net Income | | $104,653.93 |

*Net Losses*

Underfeed Stoker Co. of America (from June 12, 1922)__ $6,298.34
Craig Damper Regulator Co. (from June 12, 1922)_____ 10.26

Aggregate Net Losses_____ $6,308.60

    Consolidated Net Income, 1922_____ $98,345.33

The following corporations were affiliated with each other but not with any other corporation from January 1, 1922 to June 11, 1922:
    Craig Damper Regulator Company and
    Underfeed Stoker Co. of America.

A consolidated return was filed covering this period in 1922 including the above named companies.

The net loss resulting from the operation of the business regularly carried on by each corporation, after making adjustment for non-taxable interest and dividends received and for unallowable deductions, and after intercompany adjustments, for the period from January 1, 1922, to June 11, 1922, were as follows:

*Net Losses*

Craig Damper Regulator Co_____ $8.19
Underfeed Stoker Co. of America_____ 4,581.33

The A. W. Cash Company was not affiliated with any other corporation for the period from January 1, 1922, to August 30, 1922. The net income of the said corporation for the said period in 1922 was $6,104.18.

The following corporations were affiliated with each other but not with any other corporation for the entire calendar year 1921:
    Craig Damper Regulator Company and
    Underfeed Stoker Co. of America.

The net loss resulting from the operation of the business regularly carried on by each corporation, after making adjustment for nontaxable interest and dividends received and for unallowable deductions, and after intercompany adjustments, for the calendar year 1921 were as follows:

*Net Losses*

Craig Damper Regulator Company_____ $3,587.42
Underfeed Stoker Co. of America_____ 103,972.30

The A. W. Cash Company was not affiliated with any other corporation for the calendar year 1921. The net loss resulting from the operation of the business regularly carried on by the A. W. Cash Company, after making adjustment for non-taxable interest and dividends received and for unallowable deductions, for the calendar year 1921, was $38,739.45.

The income tax computed as a unit upon the basis of the consolidated return of net income as filed for the calendar year 1923 has been assessed all upon the Sanford Riley Stoker Company in the sum of $36,673.37.

The following summary discloses in convenient form the items of income or loss of these corporations as above set out:

| Company | 1921 | 1922 | | | 1923 |
| | | Jan. 1 to June 11 | June 12 to December | Total | |
|---|---|---|---|---|---|
| Craig Damper & Regulator Company | −$3,587.42 | −$8.19 | −$10.26 | −$18.45 | +$454.49 |
| Underfeed Stoker Company of America | −103,972.30 | −4,581.33 | −6,298.34 | −10,879.67 | +163,616.30 |
| | | *Jan. 1 to Aug. 30* | *Aug. 31 to December* | | |
| A. W. Cash Company | −$38,739.45 | +$6,104.18 | +$3,102.57 | +9,206.75 | +$18,960.89 |
| Sanford Riley Stoker Company | | | | +17,276.77 | +157,135.01 |
| Murphy Iron Works (Inc.) | | | | +87,377.16 | −3,165.82 |

− Net loss.          + Net income.

The entire deficiency of $5,451.74 computed by the Commissioner upon the basis of a consolidated net income in the sum of $337,000.87 for the calendar year 1923 has been proposed against the Sanford Riley Stoker Company in the deficiency notice of January 20, 1928.

It will be noted that for three of the corporations the calendar year 1922 is divided into two parts, the Craig Damper Regulator Company and the Underfeed Stoker Company of America having become affiliated with the group on June 12, and the A. W. Cash Company on August 31. Respondent has refused to apply against 1923 income any part of the net losses sustained by these corporations during the year 1921, urging that the periods before and after affiliation in 1922 were each a taxable year and therefore 1923 is the third succeeding taxable year, into which the loss can not be carried. Respondent erred in so ruling. The distinction between the situation where, because the first or last accounting period is less than twelve months, that period must be treated as a taxable year and where, as here, an affiliation occurs to break up a taxable year into shorter taxable periods, was clearly drawn in *General Box Corporation*, 22 B. T. A. 725. We there held that in applying a statutory net loss under the 1921 Act the term "taxable year" as used in section 204 (b) means a taxable period of twelve months and is not changed by an affiliation occurring therein. The periods before and after affiliation are not to be taken as two separate taxable years, but are to be taken together to constitute one taxable year in computing the net income of the taxpayer. Cf. *Sweets Co. of America* v. *Commissioner*, 40 Fed. (2d) 436; *Swift & Co.* v. *United States*, 38 Fed. (2d) 365; *Hoffman* v. *United States*, 52 Fed. (2d) 269; *Thomas J. Corcoran Lamp Co.*, 24 B. T. A. 284.

It is clear therefore that, *so far as the element of time is concerned*, net losses sustained by these corporations in the year 1921 may be applied to 1923 income. However, whether these losses, and other net losses sustained prior to the date of affiliation, may be applied in whole or in part to income earned thereafter must be

determined in the light of the Supreme Court decisions to which we have previously referred.

As we understand the decisions in *Woolford Realty Co.* v. *Rose*, and *Planters Cotton Oil Co.* v. *Hopkins, supra*, the net loss sustained by a corporation prior to affiliation may be applied in the succeeding taxable year to the income not of the consolidated group, but of that same corporation, and in case that corporation has no net income, but sustains a loss in this first succeeding taxable year the losses are not to be pyramided, but the first loss is to be carried over to the second succeeding taxable year. However, since the court cites with apparent approval *Swift & Co.* v. *United States, supra*, the application of the loss to the corporation's income for the succeeding taxable year must be limited to the amount not absorbed by the income of the consolidated group in the year the loss was sustained. See *Delaware & Hudson Co.*, 26 B. T. A. 520; *Washburn Wire Co.*, 26 B. T. A. 464; *Hennessy Realty Co.*, 26 B. T. A. 196; *Summerfield Co.*, 26 B. T. A. 440. With these rules in mind, the determination of the case at bar becomes merely a matter of arithmetic.

The Riley Stoker Company had income of $157,135.01 in 1923, and no net losses in prior years. The Murphy Iron Works had a net loss in 1923 of $3,165.82, and no net losses in prior years. The Craig Damper Regulator Company had income in 1923 of $454.49. It had a net loss in 1921 of $3,587.42 which was neither offset against income for 1922, since in that year it likewise sustained a net loss, nor absorbed by income of the consolidated group. Therefore, this loss may be applied in 1923 to the extent of the company's income in that year. The Underfeed Stoker Company of America had net income of $163,616.30 in 1923. In 1921 it sustained a net loss of $103,972.30, which was previously neither applied nor absorbed and which may therefore be offset against its 1923 income. In 1922 it sustained a net loss also, but a part thereof, sustained in the period June 12 to December 31, was absorbed by the income of the group for the year 1922 and may not now be carried forward. However, the loss sustained prior to affiliation in the period January 1 to June 12, amounting to $4,581.33, may be applied against its income for 1923. The A. W. Cash Company had net income of $18,960.89 in 1923. In 1921 its net loss was $38,739.45, which must first be applied against the company's earnings in 1922, amounting to $9,206.75, leaving a balance of $29,532.70, which may be applied to the extent of the company's 1923 income. It thus appears that the consolidated net income for the year 1923 is $209,031.86, which should be used as the basis for computation of petitioner's income-tax liability.

*Judgment will be entered under Rule 50.*