PLANTERS COTTON OIL CO., INC., ET AL. *v.* HOPKINS, COLLECTOR OF INTERNAL REVENUE.

No. 672. Argued April 20, 1932.—Decided May 16, 1932.

*Messrs. J. M. Burford* and *Wm. A. Sutherland,* with whom *Messrs. Joe A. Worsham* and *J. L. Gammon* were on the brief, for petitioners.

*Mr. Whitney North Seymour,* with whom *Solicitor General Thacher, Assistant Attorney General Youngquist,* and *Messrs. Sewall Key, Norman D. Keller,* and *Wm. H. Riley, Jr.,* were on the brief, for respondent.

*Messrs. Frederick H. Wood, Hoyt A. Moore,* and *A. James Slater,* by leave of Court, filed a brief as *amici curiae.*

MR. JUSTICE CARDOZO delivered the opinion of the Court.

Three corporations, Planters Cotton Oil Co., Inc., Waxahachie, Planters Cotton Oil Co., Inc., Ennis, and Farmers Gins, Inc., were organized under the laws of Texas in August and September, 1924. Two joint stock associations, Planters Cotton Oil Company, Waxahachie, and Planters Cotton Oil Company, Ennis, which had been organized in earlier years, retained their separate existence. One man, H. N. Chapman, was the owner of 98% of the shares of the unincorporated associations. He caused the assets of those associations, or substantially all of them, to be transferred to the newly organized corporations, and received in return substantially all the shares of stock.

For the fiscal year ending June 30, 1925, the three corporations and the two joint stock associations filed a consolidated income tax return wherein the corporations, which had earned a net income of $147,636.25, claimed a deduction of $78,399.25 for loss suffered by the associations during the year preceding the affiliation. The deduction was disallowed, and suit was brought by the corporation and the associations for the refund of the tax to the extent of the overpayment claimed. The District Court dismissed the petition, 47 F. (2d) 659; the Court of Appeals affirmed, 53 F. (2d) 825; and by certiorari the case is here.

The controversy is ruled by our judgment in *Woolford Realty Co.* v. *Rose, ante,* p. 319, unless the fact that in this case one shareholder, Chapman, was the owner of substantially all the shares of the five affiliated companies supplies an essential element of difference. We think it does not. Chapman was free, if he desired, to continue to do business in an unincorporated form. Preferring the

privileges of corporate organization, he brought into being three corporations and did business through them. These corporations are not identical with the unincorporated associations to whose principal assets they have succeeded, and the losses of the associations suffered in an earlier year are not the losses of the corporations that came into existence afterwards.

The judgment is

*Affirmed.*