MAY OIL BURNER CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42772.   Promulgated April 26, 1933.

*Robert Ash, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

**OPINION.**

STERNHAGEN: The petitioner, a Maryland corporation, contends that it may compute its net income for 1926, the first year of its existence, by taking as a deduction the alleged statutory net loss of 1924 and 1925 of another corporation, of New York, whose business and shares it acquired immediately upon incorporation. It argues that with a proper regard for " substance " and a proper disregard of " form," it must be found that a continuing business was operated by the same owner, and that as a taxpayer such owner has the legal right in 1926 to deduct its net losses for 1924 and 1925. This proposition has been considered so many times in the period since the Board was created, resulting each time in an adverse decision, that nothing can be added to the discussion of the Board's view of the rule. *White House Milk Co.*, 2 B. T. A. 860 (1925); *Maytag Co.*, 17 B. T. A. 182; *West Point Marion Coal Co.*, 19 B. T. A. 945;

*Plumber's Supply Co.*, 20 B. T. A. 459; *Standard Silica Co.*, 22 B. T. A. 97; *Athol Mfg. Co.*, 22 B. T. A. 105; *Industrial Cotton Mills Co.*, 22 B. T. A. 648; *Clark Dredging Co.*, 23 B. T. A. 503; *Overbrook Nat. Bank of Philadelphia*, 23 B. T. A. 1390; *New Colonial Ice Co.*, 24 B. T. A. 886; *Hartford-Empire Co.*, 26 B. T. A. 134; *Elliott-Granite Linen Corp.*, 26 B. T. A. 936; *Farmers' Cotton Oil Co.*, 27 B. T. A. 105. The Circuit Court of Appeals, First Circuit, adopted the rule in *Athol Mfg. Co.* v. *Commissioner*, 54 Fed. (2d) 230. As to a continuing business in an affiliated group, the Supreme Court approved the general rule that the deduction for prior net loss was limited to the particular corporate taxpayer sustaining it, *Woolford Realty Co.* v. *Rose*, 286 U. S. 319, even when the same person owned the shares of the affiliated corporations, and the practical incidence of the decision was upon him, *Planters Cotton Oil Co.* v. *Hopkins*, 286 U. S. 332. The doctrine that corporations are in all but extraordinary cases to be dealt with under the income tax laws as separate taxpayers, irrespective of who or how many hold the shares, is firmly and authoritatively established by the recent decisions in *Dalton* v. *Bowers*, 287 U. S. 404; *Burnet* v. *Commonwealth Improvement Co.*, 287 U. S. 415; and *Burnet* v. *Clark*, 287 U. S. 410, in the last of which the court said:

A corporation and its stockholders are generally to be treated as separate entities. Only under exceptional circumstances—not present here—can the difference be disregarded.

But the petitioner urges that these considerations must give way to what it conceives to be a contrary decision of the Circuit Court of Appeals, Fourth Circuit, in *Industrial Cotton Mills Co.* v. *Commissioner*, 61 Fed. (2d) 291, the petitioner being within that circuit and hence subject to the jurisdiction of that court on review. Even if this case were quite like the *Industrial* case, and it appeared that the decisions of the Supreme Court compelled a decision different from that in the *Industrial* case, this Board, without sacrificing any of its great respect for the Circuit Court of Appeals, would have no alternative to following the rule laid down by the Supreme Court, if the rule seemed to the Board to be clear. But happily we are not called upon to make such a choice. In the *Industrial* case, the earlier and losing corporation was, by an affiliation and later by a merger, absorbed into the later corporation, which was organized under the laws of the same state and had, so far as appears, the same incidents. Here the old corporation of New York merely sold out to the new corporation of Maryland, which had an entirely different capitalization and broader powers. These differences are as great as those which caused the Supreme Court to distinguish *Marr* v. *United States*, 268 U. S. 536, from *Weiss* v. *Stearn*, 265 U. S. 242. The

Blue Buckle and the Industrial filed a consolidated return, while the Maryland corporation, despite its ownership of the shares of the New York corporation, filed a separate return. When it is remembered that in *Planters Cotton Oil Co.* v. *Hopkins, supra,* corporations affiliated and filing a consolidated return were required to limit the use of a prior net loss of one of the group to the computation of the net income of that one member alone, the inference may be drawn *a fortiori* that such prior net loss may not be deducted upon the separate return of another corporation which for its own reason chooses not to file a consolidated return.

Thus we find ourselves compelled to hold, consistently with our understanding of the law as announced by the Supreme Court, that the petitioner may not deduct any of the net loss of the New York corporation. The case is so similar to numerous others, some of which have been dealt with in the several decisions of the Board and the courts which have been cited, that we are unable to say that it involves such exceptional circumstances that the difference between the two corporations can be disregarded, *Burnet* v. *Clark, supra.*

If, however, contrary to our view, it could be said that any part of the New York corporation's net loss was deductible by petitioner, the deduction could not include the $45,000 par value of shares issued by the New York corporation to the three officers. There is not sufficient evidence to establish either the value of the services performed, *Botany Worsted Mills* v. *United States,* 278 U. S. 282, or the value of the shares when issued for the services. Obviously, the par value of shares of a continually unsuccessful corporation in need of funds is not evidence of actual value.

It may be added that both parties seemed to assume the facts as to the amounts of net losses of the New York corporation, but since the record lacks either evidence or a clear stipulation thereof, they have been omitted from the findings.

*Judgment will be entered for the respondent.*