POST AND SHELDON CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56695. Promulgated May 4, 1933.

*M. Z. Ottenstein, C.P.A.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The petitioner is one of two affiliated corporations, which, for the fiscal year ended October 31, 1928, filed a consolidated return. Upon the basis of such consolidated return, the Commissioner determined a deficiency in petitioner's income tax of $700.06. The petitioner assails this upon the ground that in computing consolidated net income the Commissioner has failed to eliminate two intercompany items, the result of which failure is to distort consolidated net income and effect an excessive tax. The facts appear entirely in an agreed statement.

The petitioner and the National Warping & Winding Co. were continuously affiliated during the fiscal years ended October 31, 1926, 1927, and 1928, and filed consolidated returns. The profits and losses for such years, before the elimination of intercompany transactions, were as follows:

|  | 1926 | 1927 | 1928 |
|---|---|---|---|
| Post and Sheldon Corporation | (red) $183,173.28 | $55,946.37 | $9,993.90 |
| National Warping and Winding Company | (red) 6,053.88 | 5,207.14 | 9,377.80 |
| Consolidated net income or net loss | (red) 189,227.16 | 61,153.51 | 19,371.70 |

On the return the petitioner applied its net loss against the National's net income, but in view of *Woolford Realty Co.* v. *Rose*, 286 U.S. 319, and *Planters Cotton Oil Co.* v. *Hopkins*, 286 U.S. 332, the petitioner makes no point of this. The crucial facts upon which the present controversy turns are these: During the fiscal year 1928, the National Co. " rendered services to the petitioner in the amount of $57,513.85," which cost it $50,636.70, or $6,777.15 less than " the amount at which they were billed to the petitioner." The petitioner also paid the National Co. $540 interest on a loan of $9,000.

Ordinarily it is of no practical importance whether in the determination of consolidated net income the two sides of an intercompany

transaction, that is the payment and consequent deduction by one and the receipt and consequent item of gross income of the other, are included or eliminated. This is because the consolidated net income upon which the total tax is computed is the same in either event. For the purpose of determining the total tax, it is important that both sides shall be used to balance the computation, cf. *Bermont Oil Co.*, 22 B.T.A. 182. But if the total tax is to be assigned among the affiliated corporations, it is conceivable that the inclusion of intercompany transactions, even if balanced as between the two corporations affected, may bring about a different apportionment from the exclusion. When, however, there are prior net losses, which are applicable only to the subsequent net income of the particular corporation sustaining it, *Woolford Realty Co.* v. *Rose, supra; Planters Cotton Oil Co.* v. *Hopkins, supra; Delaware & Hudson Co.*, 26 B.T.A. 520, it is plain not only that the treatment of intercompany items affects the apportionment of income and tax, but also that it enters into the determination of the consolidated net income upon which the total tax is computed.

In such a situation the question whether intercompany items shall be included or excluded is a question of right, and the Commissioner must deal with it as such. It is argued here that the auditing practice in the Bureau is to eliminate only such intercompany items as do not " wash out," as it is called. If so, we think it stops short of the necessary audit to determine the correct tax, and is a departure from the requirement of the regulations, and hence, since the regulations are in this instance a projection of the statute, is contrary to the contemplation of the statute. Article 734, Regulations 74, prescribes the elimination of intercompany transactions with no intimation of exceptions, and there is a fair inference from section 113 (a) (12), Revenue Act of 1928, that this was what Congress had in mind. It was so held as to 1917 in *Buffalo Forge Co.*, 5 B.T.A. 947, upon the insistence of the Commissioner, and there is no reason for a different answer to the demand of the taxpayer.

The Commissioner urges that, since the services rendered by the National Co. to the petitioner resulted in goods which were sold to third persons at a profit, there is reason to assign to the National Co. its share of the profit. In this light, it is argued, the question is merely one of the proper assignment of consolidated income and not one of intercompany transactions. These considerations are, we think, outside the province of the Commissioner. If there were any suggestion of arbitrary accounting by the taxpayer tending to distort income, there might be reason to consider the Commissioner's right or duty to disregard it. But this case presents no such question, and no reason why the normally correct process of audit should not be used.

Both the items of $57,513.85 and $540 should be eliminated in the computation of income for 1928. Thus the petitioner's deduction will disappear and its income be increased, while the National Co.'s will be reduced. To these adjusted incomes the separate prior net losses will be applied, with the result that the combined net income will be substantially reduced.

*Judgment will be entered under Rule 50.*