## BARBOUR COAL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 1116.

Circuit Court of Appeals, Tenth Circuit.

Dec. 3, 1934.

Addison S. Pratt, of New York City, for petitioner.

Warren F. Wattles, of Washington, D. C., for respondent.

Before PHILLIPS and BRATTON, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This case brings before this court for decision this question: Will a corporation created for a fixed term of years be allowed to amortize a commission by it paid to its representative for making sale of its preferred shares of its capital stock?

The facts briefly summarized for the purpose of decision, are as follows:

Petitioner is a mining corporation organized under the laws of the state of Colorado in January, 1926, with a fixed period of existence of twenty years from its incorporation. Its authorized capital stock consisted of eight thousand shares of common, and five thousand shares of 8 per cent. cumulative preferred, all of the par value of $100 per share. About a month after its incorporation, petitioner employed a broker to sell four thousand shares of the preferred stock at par with provision that each purchaser of four shares should be given a bonus of one share of the common stock. The broker's compensation was fixed at a commission equal to 10 per cent. of the proceeds thus derived. Petitioner paid the broker $18,500 in 1926 and $21,500 in 1927 as compensation and sought to amortize that expenditure over the term of its corporate existence; that is, to deduct a proportionate part of it from the gross income each year during that period. The Commissioner disallowed the deduction for 1928, also one for $2,873.87, being expenses in perfecting its incorporation. The Board of Tax Appeals allowed the deduction for expenses of incorporation, but sustained the action of the Commissioner in disallowing that claimed for selling the stock. Petitioner appealed.

The mere fact that an expenditure is made by a taxpayer does not necessarily entitle him to a deduction. Congress has power to grant, restrict, or deny deductions. So, the right to an asserted deduction must come within an applicable provision of the statute, else it does not exist. Woolford Realty Co. v. Rose, 286 U. S. 319, 52 S. Ct. 568, 76 L. Ed. 1128; New Colonial Ice Co. v. Helvering, 292 U. S. 435, 54 S. Ct. 788, 78 L. Ed. 1348; Spring Canyon Coal Co. v. Commissioner (C. C. A.) 43 F.(2d) 78, 76 A. L. R. 1063. Reliance apparently is had upon section 23 (k) of the Revenue Act of 1928, 45 Stat. 791 (26 USCA § 2023 (k). It provides: "A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence. In the case of property held by one person for life with remainder to another person, the deduction shall be computed as if the life tenant were the absolute owner of the property and shall be allowed to the life tenant. In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trus-

tee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each."

██ However, the function and scope of this statute is to allow a deduction for the exhaustion of assets such as machinery, buildings, or other forms of personalty which depreciate through wear and tear. It has no application here because the expenditure in question was not to acquire property of that kind, but for capital in the form of cash for use in the business. It was not an exhaustible or depreciable asset. But it is said that the right to use the money thus acquired was a property right which is exhausted ratably with the passage of time and consequently an aliquot part of the expenditure made in acquiring it should be allowed as a deduction by way of exhaustion for each year during that period. The argument overlooks the controlling consideration that such a commission is a capital expenditure to be charged against the proceeds of the stock, not recovered from operating earnings. It merely reduces the net returns from the sale of the stock and reduces the available capital. It has no relation to operating expenses. It is equivalent for income tax purposes to the sale of stock at a discount. There can be no substantial difference between the two. The discount in the one instance represents the difference between the par value of the stock and the amount received for it; the commission represents that difference in the other. A capital expenditure cannot be charged income. Simmons Co. v. Commissioner of Internal Revenue, Lucas (C. C. A.) 33 F.(2d) 75, certiorari denied 280 U. S. 588, 50 S. Ct. 37, 74 L. Ed. 637; Corning Glass Works v. Lucas, 59 App. D. C. 168, 37 F.(2d) 798, 68 A. L. R. 736, certiorari denied 281 U. S. 742, 50 S. Ct. 348, 74 L. Ed. 1155. See, also, Magee Furnace Co. v. Commissioner, 11 B. T. A. 1216; Hollinsworth v. Commissioner, 27 B. T. A. 621; Commercial Inv. Trust Corp. v. Commissioner, 28 B. T. A. 143.

Petitioner cites and stresses Hershey Mfg. Co. v. Commissioner of Internal Revenue, 43 F.(2d) 298, decided by this court. That case is clearly distinguishable from this one. It was held there that expenses of incorporation, such as attorneys' and charter fees, may be amortized over the definitely fixed period of the corporate existence because in such circumstances a corporate charter is property in the nature of an exhaustible asset, the value of which is exhausted ratably with

passage of time. An expenditure for the acquisition of an exhaustible asset of that kind is vastly different from an expenditure to acquire capital consisting of cash for use in the conduct of the business.

It is our opinion that the case falls within the doctrine declared in the case of Simmons Co. v. Commissioner of Internal Revenue, supra, and the case of Corning Glass Works v. Lucas, supra, and that the order of the Board of Tax Appeals should be affirmed.