## WEBER FLOUR MILLS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 1353.

Circuit Court of Appeals, Tenth Circuit.

March 25, 1936.

Charles H. Garnett, of Oklahoma City, Okl. (Phil D. Morelock and Perry W. Shrader, both of Kansas City, Mo., on the brief), for petitioner.

L. W. Post, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals affirming a deficiency in income taxes of $6,467.92, proposed by the Commissioner against the Weber Company for the fiscal year ended May 31, 1929.

The stipulated facts are as follows:

The Weber Flour Mills Company, hereinafter called the old corporation, was organized under the laws of Kansas on August 7, 1924, with an authorized capital stock of 10,000 shares having a par value of $100. Eight thousand four hundred shares were issued. It was in receivership from August 19, 1926, to December 19, 1927. During such period, notices of default in the payment of license fees to the state of Kansas and notices that the charter of the old corporation would be forfeited if the fees were not paid were sent to Leo Weber, a former Secretary of the old corporation. He failed to notify anyone of the receipt of such notices. On December 13, 1926, the Charter Board declared the charter forfeited under the provisions of 17—706, R.S. Kan.1923. Sometime in May, 1928, the persons who had been officers and directors of the old corporation learned that its charter had been forfeited, but the period, within which the charter could have been reinstated under the provisions of 17—224, R.S. Kan.1923 had expired. A new charter was applied for and on May 18, 1928, The Weber Flour Mills Company, hereinafter called the new corporation, was organized. The stock of the new corporation was issued share for share to the former stockholders of the old corporation, the persons who had been officers and directors of the old corporation became officers and directors of the new corporation and the business was continued as formerly.

In its return for the fiscal year ended May 31, 1929, the new corporation deducted from its income, net losses sustained as the result of business operations for the years of 1927 and 1928.

The Commissioner refused to allow such losses to be carried forward, asserting that the new corporation was not the same taxable entity as the old corporation or the entity which existed during the interim from the date of forfeiture of the old charter to the securing of the new.

Whether, and to what extent deductions of losses shall be allowed in computing income taxes depends upon legislative grace, and only as there is clear statutory provision therefor, can any particular deduction be allowed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Helvering v. Independent Life Ins. Co., 292 U.S. 371, 54 S.

Ct. 758, 78 L.Ed. 1311; Barbour Coal Co. v. Commissioner (C.C.A.10) 74 F.(2d) 163; Darby-Lynde Co. v. Commissioner (C.C.A. 10) 51 F.(2d) 32.

In Pennsylvania Co. for Insurances on Lives and Granting Annuities v. Commissioner (C.C.A.3) 75 F.(2d) 719, 721, the court said:

"Deductions in calculating federal income taxes are not matters of personal right. 'Whether and to what extent deductions shall be allowed depends upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed.' New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348. And further, the right of deduction, when accorded by statute, is available only to the taxpayer who suffered the loss."

The statute permitting prior year losses to be taken as deductions follows, section 117, Revenue Act of 1928, 45 Stat. 791, 825 (26 U.S.C.A. § 117 note):

"(b) *Net loss as a deduction.* If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year (hereinafter in this section called 'second year'), and if such net loss is in excess of such net income (computed without such deduction), the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year (hereinafter in this section called 'third year'); the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary."

See, also, Treasury Regulations 74, Art. 652.

It will be noted that under the statute, the taxpayer who incurred the loss is the only one permitted to deduct such loss. See Paul & Mertens, Law of Federal Taxation, vol. 3, § 27.03; New Colonial Ice Co. v. Commissioner, supra; Pennsylvania Co. v. Commissioner, supra; McLaughlin v. Purity Investment Co. (C.C.A.9) 75 F.(2d) 30, certiorari denied 295 U.S. 753, 55 S.Ct. 834, 79 L.Ed. 1697; General Finance Co. of Philadelphia v. Commissioner, 32 B.T.A. 949.

The old corporation passed out of existence when its charter was forfeited. It no longer had any corporate rights or prerogatives. Four-S-Razor Co. v. Guymon, 110 Kan. 745, 205 P. 635; Young Construction Co. v. Dunne, 123 Kan. 176, 254 P. 323; Arkansas River Gas Co. v. Molk, 135 Kan. 152, 9 P.(2d) 623. At the termination of the receivership, the officers and directors of the old corporation became trustees for its creditors and stockholders with full power to liquidate its assets, pay its debts, and make distribution of the remainder among its stockholders. 17—808, R.S.Kan.1923.

Although no material changes were made in the stock ownership, officers, directors or business carried on, the charter issued May 18, 1928, gave life to a new corporation and its existence commenced on that date. Southern Kansas & P. R. Co. v. Towner, 41 Kan. 72, 21 P. 221, 223.

It follows that the new corporation is a distinct and separate taxable entity from the old corporation and the trustees for its creditors and stockholders and the new corporation is not entitled to deduct losses incurred by its predecessors. See New Colonial Ice Co. v. Commissioner, supra; Pennsylvania Co. v. Commissioner, supra; McLaughlin v. Purity Investment Co., supra; Woolford Realty Co. v. Rose, 286 U.S. 319, 52 S.Ct. 568, 76 L.Ed. 1128; Planters' Oil Co. v. Hopkins, 286 U.S. 332, 52 S.Ct. 509, 76 L.Ed. 1135.

The decision of the Board is affirmed.