## RICHARDS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9372.

Circuit Court of Appeals, Fifth Circuit,

April 9, 1940.

SIBLEY, Circuit Judge, dissenting.

Gibbons Burke, of New Orleans, La., for petitioner.

Newton K. Fox and Sewall Key, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Irving M. Tullar, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This case is here on petition to review a decision of the United States Board of Tax Appeals entered July 8, 1939. The opinion of the board is as yet unreported. The question is whether the annual rental of two residences should be included in the taxable income of petitioner's community for 1935.

The petitioner and his wife, Mrs. Loretto Richards, owned all of the capital stock (except qualifying shares) of R. & L., Inc., created under the laws of Louisiana. This corporation owned a residence in New Orleans, La., and a summer residence in Bay St. Louis, Miss., which were occupied by petitioner, his wife, and their children, without the payment of any rent for the use thereof and without including the rental value thereof in his income tax for the year 1935.

One half of the rental value of the two residences was added to petitioner's income for that year as a deficiency assessment. A similar deficiency for the other half was made against petitioner's wife, as both were residents of Louisiana, where the law of community property prevails, and the assessments were upheld by the board.

A similar petition to review on behalf of the wife was presented at the same time, and what we say in this opinion applies with equal force to her case.

It appears that the purpose of having the title to the property in the corporation was not to enable it to deduct from gross income items which could not be deducted by an individual, but was for the purpose of creating interests which would be readily transferable, and in order to provide a family home for petitioner's minor children in case of his death or the death of his wife. The board held that the purpose of the transfer was immaterial, so we have here no element of a fraudulent intent to escape the tax by the use of a corporate device. It is also apparent that, if we should pierce the corporate veil and regard

petitioner or his wife, or both, as owners of the property, we should find the tax-payers occupying their own homes, on which no rent would be due. It further appears that there was no contract, either express or implied, with R. & L., Inc., or any other person, for the payment of rent for the occupancy of either house.

The petitioner was president of the corporation, but there is no evidence that he received any salary from it, or that the rental value of the two properties was to be received by him as part compensation for services rendered by him or his wife; and the board made no such findings. It merely held that the petitioner actually received from the corporation the rental value of the premises; that this was not a gift to him by the corporation, but was income in the form of gains and profits within the all-inclusive definition in Section 22 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 669.

We think the finding of the board that the use of the residences was not a gift is without substantial evidence to support it, but that the contrary plainly appears from the undisputed facts and is the only reasonable deduction that can fairly be drawn from such facts, all of which appear in the record by stipulation of the parties.

The decision of the Board of Tax Appeals is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

SIBLEY, Circuit Judge (dissenting).

Mr. and Mrs. Richards, as sole stockholders, formed the corporation R. & L., Inc., and in exchange for its stock deeded to it a residence in New Orleans which cost $63,218, together with other real and personal property of an unstated amount, but which is income producing and provides funds to pay the insurance and taxes on the corporation's properties. The corporation afterwards acquired a summer residence on the Gulf Coast for $55,704. The residences are the winter and summer homes of Mr. and Mrs. Richards and their children, for which they pay the corporation no rent. Mr. Richards is president of the corporation and apparently conducts its affairs. It does not appear that he receives any salary. There was in the tax year no agreement to pay rent for the residences, whose rental value is put at $1,700 per year, a very low percentage of their cost and hardly equalling a fair depreciation. The Commissioner and the Board of Tax Appeals, refusing to follow Hillman v. Commissioner, 3 Cir., 71 F.2d 688, held this rental to be income taxable to Mr. and Mrs. Richards. This Court says it is a gift to them from the corporation.

The corporate ownership cannot be ignored and the houses regarded as the homes of the family. For reasons which seemed good to Mr. and Mrs. Richards they created a corporation which owns the houses. The legal advantages are not only that the death of either of them will not complicate the ownership by throwing it in part on the minor children; but in income tax accounting a deduction for depreciation and insurance and repairs can be taken by the corporation, and in case of sale, for a loss thereby realized; none of which could be had if the homes stood in their individual ownership. Corporate organization can seldom be ignored in income tax matters, for corporations are separate taxpayers. Even an association is not identical with a corporation which succeeds it though one person substantially owned both. Planters' Cotton Oil Co. v. Hopkins, Collector, 286 U.S. 332, 52 S.Ct. 509, 76 L.Ed. 1135, and cases cited, 5 Cir., 53 F.2d 825, 827. The fact is that Mr. and Mrs. Richards are living free of rent in dwellings belonging to R. & L., Inc., which pays the insurance and taxes and keeps up the property, and could rent it to others for $1,700 per year. They receive this valuable use. If it comes to them because Mr. Richards manages the business of R. & L., Inc., then it is salary and community income. If it comes to them because they are the only stockholders, it is a dividend, though not formally declared. A ratable gift to stockholders because they are stockholders must be a dividend. I do not think the idea will stand up which is advanced in Hillman v. Commissioner, 3 Cir., 71 F.2d 688, that this is like the gift which is presumed when value is passed without a contrary agreement between near relatives. A corporation has no near relatives. Its stockholders are not such. These stockholders appear to me to be enjoying a valued use of property of their corporation which is income to them; either a debt forgiven, or an informal dividend.