## DEAN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10345.

United States Court of Appeals
Third Circuit.

Argued March 20, 1951.

Decided April 2, 1951.

Laurence Graves, New York City, for petitioner.

Melva Graney, Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This appeal from the Tax Court raises the question of the correctness of a claim for income tax against the taxpayer based on the rental value of property held in the name of a corporation of which the taxpayer and his wife are the sole shareholders. The facts are simple and undisputed.

The taxpayer and his wife are the sole shareholders in a personal holding company called the Nemours Corporation. The wife owns 80% of the stock. The real estate which is the subject matter of this controversy was owned by the taxpayer's wife prior to her marriage. She and the taxpayer continued to occupy it after their marriage and the taxpayer's wife expended and has continued to

---

expend appreciable sums in keeping up and beautifying the property. In 1931 the Nemours Corporation was indebted to a bank for a large sum. The bank insisted that the residence property above mentioned be transferred to the corporation. This was done. The parties continued to occupy the place as a home following the transfer. The taxpayer was in military service during the late war, but received from the corporation the difference between his military pay and the salary he had previously received. He also shared in the occupancy of the home at such times as he was free to do so.

The Commissioner takes the position that the fair rental value of the residence property is to be included in the taxpayer's gross income under the general provisions of Section 22 of the Internal Revenue Code, 26 U.S.C.A. § 22. The Tax Court agreed with the Commissioner. We do likewise. Although the taxpayer endeavors to distinguish it, we think our decision in Chandler v. Commissioner, 3 Cir., 1941, 119 F.2d 623, governs this case and the discussion therein is, for the most part, applicable here. It was the taxpayer's legal obligation to provide a family home and if he did it by the occupancy of a property which was held in the name of a corporation of which he was president, we think the fair value of that occupancy was income to him.

The fact that the corporation was simply a means by which the taxpayer and his wife carried on certain business activities does not change the case. We have no reason for thinking that the corporate existence was anything but bona fide. And we think that the real estate deeded to the corporation would clearly have been held to belong to it had the bank had occasion, which it did not, to take advantage of the corporation's title to the property. Our position is not based upon any thought that there is in this case any suggestion of tax evasion or avoidance. It is instead based upon taxpayer's valuable occupation of the corporation real estate.

The decision of the Tax Court will be affirmed.