Henry B. PEACOCK, Jr., Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 16941.

United States Court of Appeals
Fifth Circuit.

June 13, 1958.

Harry G. Taylor, Miami, Fla., for petitioner.

Davis W. Morton, Jr., Atty., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Nelson P. Rose, Chief Counsel Int. Rev. Service, John M. Morawski, Special Atty. Int. Rev. Service, Washington, D. C., for respondent.

Before CAMERON, JONES , and BROWN, Circuit Judges.

JONES, Circuit Judge.

The Commissioner of Internal Revenue determined income tax deficiencies against Henry B. Peacock, Jr. for the years 1948, 1949 and 1950, which were, in part, sustained by the Tax Court. From those portions of its decision adverse to him he has appealed.

Henry B. Peacock, Jr., who will be called the taxpayer, and his mother, owned a dwelling in Miami, Florida, which they occupied as a residence. They organized Fidelis Corporation, the taxpayer being issued 51 per cent. of the stock and his mother taking 49 per cent., and in exchange for the stock they conveyed the residence property to the corporation. Fidelis Corporation then leased the premises to its stockholders, the taxpayer and his mother, for ten years at a rental of $900 per year. The lease was renewed for a further ten-year term in 1944. Fidelis Corporation also owned income producing securities. At the time the renewal lease was made rent controls were in effect. During the three tax years here involved Fidelis Corporation received rentals in the amount of $2,700. During the same period it claimed tax deductions aggregating $2,-691 for depreciation and $1,423 for property taxes. Fidelis Corporation owned office equipment located in a building owned by First of Florida Corporation, of which the taxpayer owned 85.67 per cent. of the stock and his mother the balance. The office equipment was used by the taxpayer in connection with his individual business activities and those of the corporations whose affairs he managed. No rental had been paid Fidelis Corporation for the use of this equipment. The Commissioner determined that the fair rental value of the dwelling was $3,500 per year, and that the taxpayer's part of the difference between this amount and the rental paid, adjusted by a credit for the rental value of the office equipment, was taxable income to the taxpayer. The Tax Court agreed that the rental value was income to the taxpayer but found that the overall rental value should be $2,100 per year rather than the figure of $3,500 used by the Commissioner.

The taxpayer testified that the purpose of occupancy of the dwelling, in addition to having a place to live, was to facilitate the rezoning of the property for business uses and hence increase its market value. The taxpayer thought the rental paid was "more than it was worth to us all the time," and the only reason for the occupancy was because it was becoming more valuable. No explanation

was given as to how occupancy would be an aid in procuring rezoning or why an increasing value was a reason for occupancy. There was no evidence that any rental differential was to be regarded as compensation to the taxpayer or his mother for services to the corporation and the testimony would, we think, require a contrary inference. The Tax Court found that the leases were not arm's length transactions, that no effort was made to seek a rent control adjustment, and that the occupancy was at a bargain rental. The difference between the taxpayer's share of the fair rental value and the amount paid was, the Tax Court held, taxable income whether deemed compensation or merely gain. Cited by the Tax Court and sustaining the conclusion it reached are Chandler v. Commissioner, 3 Cir., 1941, 119 F.2d 623, Dean v. Commissioner, 3 Cir., 1951, 187 F.2d 1019, Frueauff v. Commissioner, 30 B.T.A. 449. It has been held by this Court that where the owners of the stock of a corporation occupy a residence owned by it and there is no evidence that the rental value was to be received as compensation for services, such rental value is a gift from the corporation to the stockholders and is not to be treated as taxable income. Richards v. Commissioner, 5 Cir., 1940, 111 F.2d 376. We are not persuaded that we should depart from this precedent. Following it, we decide that the contrary determination by the Tax Court is erroneous.

The taxpayer owned the controlling stock of two corporations and all of the stock of two others. The taxpayer and the corporations transacted their business from a common office located in a building owned by one of the corporations. It received no rent from the others. The taxpayer in his own right and each of the corporations owned income producing commercial property. Each kept records by the same method. Many of the expense items were incurred for the common benefit of the taxpayer and the corporations. The formula for apportionment of expense did not vary. The expenses allocated to the tax-

payer and claimed by him as tax deductions for the three years here involved were $7,456.20, $5,456.88, and $8,373.25. The expense items deducted covered automobile expense, dues and subscriptions, legal fees, telephone and telegraph, office supplies and miscellaneous expense. The Commissioner concluded that the payments of these charges inured to the benefit of the corporations as well as to the taxpayer. The Tax Court made an allowance for rental on the office and other adjustments and then approved the Commissioner's allocation of the expense among the taxpayer and the corporations. The Commissioner's allocation was based upon the number of business properties owned or operated by the taxpayer individually and by each of the corporations. The reduction in the deductions claimed by the taxpayer resulted in a deficiency tax determination which, with modifications and adjustments, the Tax Court sustained. The taxpayer here contends that the apportionment of the expenses for tax deductions was unnecessary and improper and that the allocation so made is arbitrary, unreasonable and contrary to the evidence.

The Commissioner's authority for the allocation of the expense items is found in Sec. 45 of the Internal Revenue Act of 1939, as amended. It provides:

"In any case of two or more * * businesses * * * owned or controlled directly or indirectly by the same interests, the Commissioner is authorized to distribute, apportion, or allocate * * * deductions * * * between or among such * * * businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such * * * businesses." 26 U.S.C.A. (I.R.C.1939) § 45.

The evidence does not disclose that the apportionment and allocation of the expense items were arbitrary, unreasonable or contrary to the evidence. The Commissioner did not abuse his discretion in making the allocations. Leedy-

Glover Realty & Insurance Co. v. Commissioner, 5 Cir., 1950, 184 F.2d 833. The Tax Court's decision on this issue is affirmed.

For the purpose of redetermining the tax without including that part of the rental value of the residence which exceeded the amount paid, the judgment of the Tax Court is

Reversed and remanded.