Reverend Joseph J. KLEINSASSER, Individually and on behalf of Susie Kleinsasser (deceased May 4, 1979), Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CV–79–91–GF.

United States District Court,
D. Montana,
Great Falls Division.

Sept. 10, 1981.

Dale Forbes, Gregory R. Schwandt, Church, Harris, Johnson & Williams, Great Falls, Mont., for plaintiff.

Robert T. O'Leary, U. S. Atty., D. Montana, Butte, Mont., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

HATFIELD, District Judge.

### FINDINGS OF FACT

The facts as stated herein were stipulated to by the parties to the action.

1. This is a suit arising under the Internal Revenue laws of the United States for a refund of taxes plaintiffs contend were erroneously and illegally assessed against and collected from the plaintiffs. Defendant contends that while this is a suit arising under the Internal Revenue laws of the United States for a refund of taxes, such taxes have been properly assessed and collected from the plaintiffs and should not be refunded to them.

2. Jurisdiction is conferred upon this court by 28 U.S.C. § 1346(a)(1).

3. Plaintiff, Reverend Joseph J. Kleinsasser, is a citizen of the United States and resides at Milford Colony, Wolf Creek, Montana. He was the husband of the plaintiff, Susie Kleinsasser, deceased May 4, 1979, during the years in suit.

4. Susie Kleinsasser was a citizen of the United States and resided at Milford Colony, Wolf Creek, Montana, during the years in suit and signed joint income tax returns with her husband for the years in suit. She was the wife of plaintiff Reverend Joseph J. Kleinsasser during the years in suit and until her death on May 4, 1979.

5. The years in suit are calendar years 1972 and 1973.

6. Plaintiffs timely filed their joint individual income tax returns for the calendar years 1972 and 1973 and paid the taxes reported due on said returns.

7. On or about August 29, 1977, plaintiffs timely paid to the Internal Revenue Service the full amount of deficiencies assessed against the plaintiffs with respect to their joint individual income tax returns for calendar years 1972 and 1973.

8. On or about February 28, 1979, plaintiffs filed claims for refund on Forms 1040X of $58.26 and $100.41 or such greater amounts, including, but not limited to, penalties, tax and interest paid, as may be legally refundable with respect to the calendar years 1972 and 1973, respectively. The Amended Refund was filed in order to obtain an investment credit pursuant to 26 U.S.C. § 38 for the years 1972 and 1973.

9. By letter dated May 25, 1979, the District Director of the Internal Revenue Service mailed to plaintiffs, by certified mail, a formal notice of disallowance of their claims for refund for the calendar years 1972 and 1973.

10. Depreciable property which is eligible for the investment credit is called Section 38 property.

11. The property for which the investment credit was claimed was property purchased by Milford Colony, Inc., for use in farming and ranching activities.

12. Depreciable equipment purchased by farmers and ranchers for use in their farming and ranching activities qualifies as Section 38 property, except as otherwise provided by law.

13. The property claimed as Section 38 investment credit property was not used predominantly in an unrelated trade or business, the income of which is subject to tax under Section 511 of the Internal Revenue Code of 1954 as amended.

14. The Milford Colony is not organized as a partnership under Montana law, rather it was organized as a corporation on November 26, 1946, under Chapter 42, Civil Code, Revised Codes of Montana, 1935, as amended, and has remained so incorporated to the present time.

15. The Milford Colony is a Hutterite Colony and a duly qualified and existing Section 501(d) organization under the Internal Revenue Code of 1954 as amended.

16. For tax purposes, each member of the Colony reports his or her pro rata share of the income of the Colony.

17. The amount of investment tax credit claimed by Joseph J. Kleinsasser individually and on behalf of his deceased wife, Susie Kleinsasser, is their pro rata share of the total investment tax credit generated by the Colony's purchase of equipment claimed as Section 38 property.

## CONCLUSIONS OF LAW

1. The Milford Colony, Inc., of which plaintiffs were members in 1972 and 1973, was during those same periods of time, a corporation organized under the laws of the State of Montana.

2. During the periods at issue, Milford Colony, Inc., was a tax exempt organization as defined under 26 U.S.C. § 501(d) for federal tax purposes.

3. Under 26 U.S.C. § 501(d), Milford Colony, Inc., was entitled to tax exempt status for the periods of 1972 and 1973 since its individual members included a pro rata share of the Colony's taxable income on their individual returns as a "*dividend received*" for those periods.

■ 4. Milford Colony, Inc., was a corporate body for purposes of the federal taxing statutes, specifically 26 U.S.C. § 11 for the periods at issue. In this regard, Milford Colony, Inc., was free to adopt such organization for its affairs as it deemed appropriate and having elected to conduct its business affairs as a corporation, it must accept the tax disadvantages appurtenant thereto. *Esmond Mills v. Commissioner*, 132 F.2d 753 (1st Cir. 1943), *cert. denied*, 319 U.S. 770, 63 S.Ct. 1432, 87 L.Ed. 1718 (1943). The government accepted Milford Colony, Inc., as it represented itself to be and it may not change that appearance to suit its necessity or its convenience, especially for the purpose of obtaining a deduction or credit that may have been available if another status had been chosen. *See, Planters' Cotton Oil Co. v. Hopkins*, 53 F.2d 825 (5th Cir. 1931), *affd.*, 286 U.S. 332, 52 S.Ct. 509, 76 L.Ed. 1135 (1931).

5. For federal tax purposes, Milford Colony, Inc., was an entity in and of itself separate from the individual members which made up that Colony for the periods at issue.

■ 6. 26 U.S.C. § 38 allows a credit against tax imposed by 26 U.S.C. Chapter 1 for investments in certain depreciable property. 26 U.S.C. § 38 vests in the Secretary of the Treasury the authority to prescribe such regulations as may be necessary to carry out the purpose of 26 U.S.C. § 38. 26 C.F.R. § 1.38–1 mandates that the regulations prescribed under 26 C.F.R. §§ 46–50

are the controlling regulations as to the tax credit available under 26 U.S.C. § 38.

7. 26 C.F.R. § 1.48–1(j) provides that the term "section 38 property" does' not include property used by an organization (other than a cooperative described in section 521) which is exempt from the tax imposed by Chapter 1 of the Code unless such property is used predominantly in an unrelated trade or business the income of which is subject to tax under section 511 (referring to 26 U.S.C. § 511).

8. 26 U.S.C. § 511 imposes a tax on unrelated business income of any organization which is exempt from taxation by reason of 26 U.S.C. § 501(a). Although Milford Colony, Inc., was an organization exempt from tax under 26 U.S.C. § 501(a), for the periods at issue, it was not subject to tax under 26 U.S.C. § 511 since the income generated by its activities (i. e., farming operations), was not "unrelated business taxable income" (as defined in 26 U.S.C. § 512).

9. Milford Colony, Inc., was not eligible for a 26 U.S.C. § 38 tax investment credit on equipment used in its farming operations, for the periods at issue, since that property was not used in an unrelated trade or business, the income of which was subject to tax under 26 U.S.C. § 511.

10. Property used in the farming and ranching operations of Milford Colony, Inc., for the periods of 1972 and 1973 would qualify as 26 U.S.C. § 38 property to the tax entity who could properly claim the benefit of the investment tax credit.

11. Milford Colony, Inc., as purchaser and owner of the property used in the farming and ranching operations for the periods of 1972 and 1973 was the entity entitled to any tax investment credit allowed under 26 U.S.C. § 38.

12. Gains, losses and other economic events which affected taxable income of Milford Colony, Inc., for the periods of 1972 and 1973 were to be recognized at the corporate level and were not to affect the tax liabilities of individual members for those periods. *Moline Properties v. Commissioner,* 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499 (1943). Therefore, any investment credit available under 26 U.S.C. § 38 in relation to property purchased or owned by Milford Colony, Inc., for the periods of 1972 and 1973 could properly be taken only at the corporate level and not by the individual members of that colony.

13. The fact that 26 C.F.R. § 1.6033–2 required Milford Colony, Inc., to utilize Form 1065 (U.S. Return of Income) in filing its return for the periods of 1972 and 1973 did not affect its status as a corporate entity. This requirement in and of itself did not change the tax status of Milford Colony, Inc., from a corporation to a partnership.

14. The fact that the individual members of Milford Colony received a dividend derived from the taxable income of Milford Colony, Inc., in accordance with 26 U.S.C. § 501(d) for the periods of 1972 and 1973 did not entitle those members to utilize any tax investment credit which may have been available to Milford Colony, Inc., at the corporate level.

For the reasons set forth above defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED.